UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAWRENCE SMITH,

    Petitioner,

vs.                                            Case No. 2:09-cv-11-FtM-29DNF
                                                   Case No. 2:07-cr-19-FtM-29DNF

UNITED STATES OF AMERICA,

    Respondent.
_____

## OPINION AND ORDER

This matter comes before the Court on petitioner Lawrence Smith's "Plaintiff Motion Challenging Jurisdiction to the Judgement Rendered As Void Pursuant to Fed. Rule Civ. P. 12(b)(1), (2); (60)(b)(4)"(Cv. Doc. #15; Cr. Doc. #118)[1] filed on November 25, 2011. For the reasons set forth below, the motion is denied.

**I.**

On January 17, 2007, a federal grand jury in Fort Myers, Florida returned a one-count Indictment (Cr. Doc. #3) charging that on or about October 20, 2006, in Collier County, Florida, petitioner Lawrence Smith (petitioner or Smith) possessed with intent to distribute five grams or more of a mixture or substance containing a detectable amount of cocaine base, also known as crack

---

[1] The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). An arrest warrant was issued the same day and returned executed two days later. (Cr. Docs. ## 4, 9.) Upon his arrest pursuant to the warrant, petitioner appeared before a magistrate judge on January 22, 2007, for an initial appearance and counsel was appointed to represent petitioner. (Cr. Doc. #6.) On January 25, 2007, an arraignment and detention hearing were held, and petitioner was ordered detained pending trial without bail. (Cr. Docs. ## 11, 12.)

Petitioner was found guilty by a jury on September 12, 2007. (Cr. Doc. #67.) On January 22, 2008, petitioner was sentenced to 235 months imprisonment, followed by 48 months of supervised release (Cr. Doc. #79). Judgment was entered on January 24, 2008 (Cr. Doc. #80).

A direct appeal was filed, and on October 16, 2008, the Eleventh Circuit Court of Appeals affirmed petitioner's conviction and sentence. (Cr. Docs. ## 81, 114.) Petitioner's § 2255 motion was filed on January 7, 2009, and denied on July 22, 2009 (Cv. Doc. #13).

Petitioner is now before the court challenging its subject matter jurisdiction to have entered the judgment in the criminal case. Because petitioner is proceeding *pro se*, the Court construes all of his filings liberally. See Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

**II.**

Petitioner argues that a federal district court lacked subject matter jurisdiction because his drug offense was merely a local crime, and neither Title 18 nor Title 21 can create federal jurisdiction without violating the Tenth Amendment, the Establishment Clause of Article III of the United States Constitution, and Article III, Section 2 of the United States Constitution. Petitioner therefore argues that the judgment in his criminal case is void.

Although petitioner relies mainly on civil rules of procedure which are inapplicable to his criminal case, the Court will construe his motion liberally because of his *pro se* status and assume that subject matter jurisdiction issues can always be raised by some vehicle. United States v. Cotton, 535 U.S. 625, 630 (2002)(because jurisdiction means the court's statutory or constitutional power to adjudicate a case, "defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court."); United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002)(jurisdictional error "can never be waived by parties to litigation."); United States v. Harris, 149 F.3d 1304, 1308 (11th Cir. 1998)(jurisdictional defects cannot be procedurally defaulted). Subject-matter jurisdiction defines the court's authority to hear a given type of case. Alikhani v. United

States, 200 F.3d 732, 734 (11th Cir. 2000)(quoting United States v. Morton, 467 U.S. 822, 828 (1984)).

The Constitution of the United States gives Congress the power to create inferior federal courts and determine their jurisdiction. U.S. Const. art. III, § 1. Congress has conferred original jurisdiction of "all offenses against the laws of the United States" to the federal district courts. 18 U.S.C. § 3231. Additionally, Congress has created district courts in each state, including the State of Florida. It has further divided the state into three judicial districts and provided that Lee County, Florida will be in the Middle District of Florida and that court shall be held *inter alia* in Fort Myers. 28 U.S.C. § 89.

The one count in petitioner's Indictment is a drug offense that is against the laws of the United States. 21 U.S.C. § 841(a)(1). Congress has the authority to punish such conduct under Title 21, United States Code, based upon the Commerce Clause. United States v. Lopez, 459 F.2d 949 (5th Cir. 1972)[2]. The Commerce Clause authority includes the power to criminalize conduct which, although not committed while on federal property, has an actual impact on interstate commerce. United States v. Bernard, 47 F.3d 1101, 1102 (11th Cir. 1995)(quoting 21 U.S.C. § 801).

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Therefore, subject matter jurisdiction existed over petitioner's case, and this is the beginning and end of the jurisdictional inquiry. <u>United States v. Tinoco</u>, 304 F.3d 1088, 1104 n.18 (11th Cir. 2002).

Accordingly, it is now

**ORDERED:**

Petitioner Lawrence Smith's "Plaintiff Motion Challenging Jurisdiction to the Judgement Rendered As Void Pursuant to Fed. Rule Civ. P. 12(b)(1), (2); (60)(b)(4)"(Cv. Doc. #15; Cr. Doc. #118) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   2nd   day of December, 2011.

_____
JOHN E. STEELE
United States District Judge

Copies:
AUSA
Lawrence Smith