UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                             2:07-cr-19-FtM-29DNF

LAWRENCE SMITH
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Modify Sentence Pursuant to 18 U.S.C. 3582(c)(2) (Doc. #120) filed on December 1, 2011. In an Order (Doc. #121) dated December 6, 2011, the Court directed the Probation Office to prepare a memorandum as to defendant's eligibility under Amendment 750 of the U.S. Sentencing Guidelines, and appointed the Federal Public Defender to represent defendant. The Probation Office Memorandum was filed and provided to defendant on December 13, 2011 (Doc. #123). The Federal Public Defender has filed a Supplemental Memorandum Regarding Retroactive Application of Revised Cocaine Base Sentencing Guidelines (Doc. #125), and the government has filed its Opposition to Sentence Reduction (Doc. #128). Because defendant is not eligible for a reduction of his term of imprisonment under Amendment 750, his motion will be denied.

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that –
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 750.

At defendant's original sentencing, the Court determined, based upon the drug quantity attributed to defendant, that his Base Offense Level and his Total Offense Level were 26. Because defendant qualified as a career offender under U.S.S.G. § 4B1.1, however, his Total Offense Level and his Enhanced Offense Level were 34. Defendant's Criminal History Category would have been Category III, but because of his career offender status it was increased to Category VI. The Enhanced Offense Level of 34 and the Criminal History Category of VI resulted in a Sentencing Guidelines range of 262 to 327 months imprisonment. The Court found that Criminal History Category VI was a significant over-representation of Defendant's criminal history, and departed to Criminal History V under U.S.S.G. § 4A1.3. Defendant was sentenced to 235 months imprisonment.

The undersigned sentenced defendant based upon a sentencing range determined by the career offender provisions of the Sentencing Guidelines, not the crack cocaine provisions. Defendant was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission", as required by § 3582(c)(2). Therefore defendant is not eligible for a reduction pursuant Amendment 750. United States v. Moore, 541 F.3d 1323 (11th Cir. 2008)(addressing Amendment 706), cert. denied, 129 S. Ct. 1601 (2009). Granting a downward departure under § 4A1.3 did not change defendant's offense level and does not make him eligible for a sentence reduction under the amendment. United States v. Daniels, 345 F. App'x 527 (11th Cir. 2009)(discussing Amendment 706). Unlike Freeman v. United States, 131 S. Ct. 2685 (2011), this case did not involve a guilty plea pursuant to Fed. R. Crim. P. 11(c)(1)(C), but a defendant who was convicted at trial. Additionally, the Court finds nothing in Freeman which undermines Moore, and certainly nothing which would allow the Court to ignore its holding.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Modify Sentence Pursuant to 18 U.S.C. 3582(c)(2) (Doc. #120) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of February, 2012.

JOHN E. STEELE
United States District Judge

-3-

Copies:
Counsel of Record
Lawrence Smith